BLANCHARD v. THE JOHN MOUAT LUMBER COMPANY.

APPELLATE PRACTICE.

The findings of the court below upon conflicting evidence will be
accepted as conclusive as to questions of fact.

*Appeal from the County Court of Arapahoe County.*

Mr. GEORGE C. NORRIS and Mr. DAVID P. HOWARD, for
appellant.

Messrs. DOUD & FOWLER, for appellee.

BISSELL, P. J., delivered the opinion of the court.

The Lumber Company sued Blanchard for two hundred
and ninety-seven dollars, which was the balance due upon a
contract between the company and one Ortman. In Jan-
uary, 1892, Ortman was the owner of a ranch near Ft. Lup-

ton, and Blanchard owned a terrace in the city of Denver. Through an agent, whose rights, however, are not involved in the present controversy, the parties entered into negotiations for the purpose of trading the two properties. The terrace was the consideration on one side, and the ranch with its improvements, and a very considerable portion of its tools, machinery and appliances, the principal consideration on the other. On the 23d of January, a written proposition to trade was made by Ortman, and accepted by an indorsement on the instrument by Blanchard. There is considerable dispute in the case as to whether the trade was made on the terms of that written proposition, or whether the proposition was ultimately abandoned and the trade made on different terms. Blanchard put the contract on record, the exchange was subsequently effected, and presumably the parties went into possession of the different properties. The only matter about which we have any concern is as to the one question whether the written contract was changed, and the trade ultimately made upon the basis of an agreement on Blanchard's part to pay the two hundred and ninety-seven dollars which Ortman owed the Lumber Company. It is plain to be seen that that matter must have been resolved in favor of Ortman and the Lumber Company to justify the judgment against Blanchard, for, otherwise, the agreement would be a collateral promise of one to pay the debt of another, which was not evidenced by the written agreement necessary to render it valid under the statute.

The principal argument addressed to the court relates to the sufficiency of the testimony to support the judgment. The case was tried originally before a justice, who found for the Lumber Company, and this judgment was affirmed after trial in the county court. Counsel attempt to escape the force of the general rule, that the findings of *nisi prius* tribunals are to be accepted as conclusive upon questions of fact, on the theory that there is an absolute absence of sufficient testimony to support the judgment, and that the method of the trial in the county court was such as to force the con-

clusion that judgment was rendered without a due and adequate consideration of the evidence. We are not able to accept the arguments of counsel as a sufficient basis or justification for us to depart from the well established rule. The only controverted question which, being resolved in favor of the company would entitle them to judgment, was so found by the court upon conflicting evidence, and we are not inclined to disturb the result. No error of law is either assigned or argued, and since we accept the judgment of the court as conclusive upon the questions of fact, and the finding is inadequate to uphold the judgment, we must affirm it.

The judgment will be affirmed.

*Affirmed.*